
## HS v. CS

C.P. of Lycoming County, No. 10-20,185

*Kymberly Best*, for plaintiff.
*Michael Morrone*, for defendant.

MCCOY, *J.*, August 28, 2013—

## ORDER

And now, this 28th day of August, 2013, after argument held on August 19, 2013, in regard to the exceptions filed by husband to the order of the Family Court hearing pfficer dated May 16, 2013, at which time husband was present with his counsel, Michael Morrone, Esquire, and wife was present with her counsel, Kymberly Best, Esquire.

Counsel for husband filed exceptions to the Family Court hearing officer's order for alimony pendente lite dated May 16, 2013. The Family Court hearing officer notes that wife filed a petition for alimony pendente lite on February 11, 2013. The first hearing on the matter was held on April 5, 2013, and an interim order was entered by the Family Court hearing officer on April 8, 2013. The interim order scheduled a follow-up hearing on May 14, 2013. After the follow-up hearing, a final order was entered on May 16, 2013. Counsel for husband thereafter timely filed exceptions on June 12, 2013 to the order for

alimony pendente lite dated May 16, 2013.

In his first exception, husband argues that the Family Court hearing officer erred in utilizing defendant's most recent paystub to calculate his year-to-date income instead of averaging his income over a period of time as husband's pay fluctuates and is unpredictable. In the interim order of April 8, 2013, the hearing officer determined husband's monthly net income to be $5,163.51. This was based upon a year-to-date paystub dated March 28, 2013. The order, however, goes on to indicate that husband testified he would no longer be working over the road because of the long hours and that his employer gave him the option of working over the road or locally. The hearing officer indicated that before reducing husband's income based solely upon the testimony, she requested to see paystubs documenting the change and scheduled a follow-up hearing for May 14, 2013. Husband was ordered to bring all paystubs received after March 28, 2013 to the hearing.

At the time of the hearing on May 14, 2013, husband presented three new paystubs. The paystub of April 12, 2013, included 18 hours of overtime pay, the paystub of April 26, 2013, included 32 hours of overtime pay, and the paystub of May 10, 2013, included 1 hour of overtime pay. The Family Court hearing officer found the testimony of husband's terminal manager, MR, to be not credible as it was confusing, contradictory and obviously intended to help husband decrease his alimony pendente lite payments. The hearing officer also found that husband admitted that he had blatantly lied about the issue of decreasing his over the road at the time of the April hearing. The Family Court hearing officer further found that it appears that husband's

pay fluctuates and is unpredictable and therefore used his most recent paystub to calculate his year-to-date income. The Family Court hearing officer found husband's year-to-date income based upon a paystub of May 10, 2013, to be $4,609.97 per month. This is the income that the hearing officer utilized to determine husband's alimony pendente lite obligation. The hearing officer indicated that as it appears husband's pay fluctuates and is unpredictable, that the most appropriate thing was to use husband's most recent paystub to calculate his year-to-date income. The hearing officer went on to indicate that if husband's income actually decreases in a manner that is substantial and continuing, he could file a petition to modify the order.

Based upon the findings made by the hearing officer in both the April 8, 2013, order and May 16, 2013, order, the Family Court hearing officer does not find that the hearing officer erred in utilizing husband's year-to-date paystub to calculate his monthly net income. Exception number 1 is therefore denied.

Husband's second exception is that the hearing officer erred in not utilizing wife's full-time wages from her prior employer, which he alleges she terminated voluntarily. In the interim order entered on April 8, 2013, the master conducted a significant analysis of wife's income and earning capacity. The master felt that there was no evidence that wife quit her job to affect her payment of alimony pendente lite. The hearing officer further found that wife mitigated her lost income by obtaining another full-time job. Based upon the thorough analysis conducted by the hearing officer, the Family Court hearing officer does not find the hearing officer erred in utilizing wife's actual

earnings to calculate her monthly net income. Exception number 2 is therefore denied.

Husband's last exception is that the Family Court hearing officer erred in not giving husband credit for the mortgages, taxes and insurance he pays on the marital residence. At the time that the interim order was entered on April 8, 2013, husband only provided testimony concerning the monthly mortgage payment. There was no information given as to the cost of home owner's insurance or taxes. In the interim order entered on April 8, 2013, the master indicated that husband was requesting a mortgage contribution which was contested by wife. The master further found that neither party was living in the marital residence and that husband's brother was staying there at no charge because his brother had provided $6,000.00 to keep the residence out of foreclosure. The master calculated the mortgage contribution and determined based upon the calculation that husband was not entitled to a mortgage contribution, even if she were to find husband eligible for one under the circumstances. Husband was advised that if he wished to bring evidence of the taxes and home owner's insurance at the time of the follow-up hearing, the master would re-calculate the mortgage contribution. At the time of the follow-up hearing on May 16, 2013, husband failed to present any additional documentation on the taxes and home owner's insurance in regard to the marital residence. At the time of the follow-up hearing, the master failed to address whether or not husband was entitled to a mortgage contribution. As the master found in the interim order entered on April 8, 2013, neither party is residing in the marital residence and, in fact, husband's brother is

166

currently residing in the marital residence. Rule 1910.16-6(e) provides for an obligee to contribute towards the mortgage "if the obligor is occupying the marital residence and the mortgage payment exceeds 25% of the obligor's monthly net income (less any amount of support)." Based upon the monthly net incomes determined by the master in the final order entered on May 16, 2013, the mortgage payment does exceed 25% of husband's monthly net income once his alimony pendente lite obligation has been reduced from his monthly net income. However, as husband is not residing in the marital residence which is a specific requirement of Rule 1910.16(e), husband is not entitled to a mortgage contribution as an offset to his alimony pendente lite award. As husband is not entitled to a mortgage contribution based upon the circumstances in this case, husband's exception number 3 is dismissed.